IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGARY HILL, a/k/a JOHN HALL | : |
| Petitioner, | : |
| v. | : CIVIL ACTION |
| | : NO. 12-171 |
| ROBERT COLLINS, *et al.*, | : |
| Respondents. | : |

MEMORANDUM

YOHN, J.                                                                                                                 December 11, 2012

Petitioner Gregary Hill, a prisoner in the State Correctional Institution at Frackville, Pennsylvania, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting two grounds for relief. I referred the matter to a magistrate judge for a report and recommendation, which was issued on July 12, 2012. On August 10, 2012, Hill filed his objections to the report and recommendation. After a de novo review of the report and recommendation and Hill's objections, I will grant Hill's request for a stay of his petition.

**I.     FACTUAL AND PROCEDURAL BACKGROUND[1]**

Clarion Derrick Jones was shot and killed in the early morning hours of July 13, 1986. (Resp. 2.) Hill was charged with Jones's murder and related counts and was tried before a jury in February 1989. (*Id.* 6.)

---

[1] The facts are taken mainly from the government's response to Hill's petition. The response, in turn, is based on government filings from Hill's direct appeal. (Resp. to Pet. for Writ of Habeas Corpus ("Resp.") 2; *id.* Ex A.) I do not have the state trial record before me. The record is currently with the Pennsylvania Court of Common Pleas for Philadelphia County, as part of Hill's PCRA proceedings. (Report and Recommendation ("R&R") 11 n.10.)

On February 28, 1989, the jury found Hill guilty of first-degree murder, robbery, possession of an instrument of a crime, and criminal conspiracy. (*Id.* 6.) Hill's post-verdict motions were denied on June 26, 1990. He was sentenced to life imprisonment for the murder and a consecutive term of five-to-ten years for the robbery. (*Id.*) He also received a sentence of six-to-twelve months imprisonment for the conspiracy, concurrent with the robbery sentence. He received no additional sentence for possession of an instrument of a crime. (*Id.*)

Hill appealed to the Pennsylvania Superior Court. The court rejected eight of his nine claims, but remanded to the trial court for an evidentiary hearing on Hill's *Batson* claim. (*Id.* Ex. B.) The trial court held the hearing in September 1992. In May 1993 it concluded that—nearly three years after the fact—the prosecutor had been able to give race-neutral, non-pretextual reasons for using 13 of his 17 peremptory strikes against black venire members. (*Id.* 7; Pet. 7-8.) On December 28, 1993, the Superior Court affirmed. (Resp. Ex. C.) Hill declined to seek review in the Pennsylvania Supreme Court. (*Id.* 7).

Hill then collaterally attacked his conviction. On January 16, 1997, he field a pro se petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"). (*Id.*) This petition was denied on August 14, 1998, and the 30-day window for seeking review expired on September 13, 1998. (*Id.* 7-8).

Hill filed a second pro se PCRA petition on September 29, 2011. (*Id.* 8.) In this petition, Hill asserted that newly discovered evidence showed his innocence. Specifically, he presented an August 31, 2011, affidavit from Darryl Goodman, his co-defendant, in which Goodman admits guilt and states that Hill was *not* the person who committed the murder with him. He states that his co-conspirator was Jerome Leggatt, and that Leggatt killed himself before Hill's trial. (*Id.*)

While his second PCRA petition was still pending, Hill filed the instant habeas petition on January 11, 2012. (*Id.*) He raises two claims: (1) the prosecutor at his trial violated *Batson* through his use of racially-motivated peremptory strikes, and (2) the Goodman affidavit is new evidence showing actual innocence. (*Id.* 8-9.) Hill requests a stay of his federal petition during the pendency of his state-court petition.[2] (Pet. 25-26.) The government argues that Hill's petition is untimely, making a stay inappropriate. (Resp. 10.)

Because I cannot fairly grant or deny Hill's petition without further review of the state court record, I must stay or dismiss it without prejudice. *Rhines v. Weber*, 544 U.S. 269 (2005), establishes that granting a stay is the better course. *Rhines* dictated the proper procedure to follow when a district court is faced with a "mixed" petition—a petition that presents a combination of exhausted and unexhausted claims. *Id.* at 273. Hill's *Batson* claim is clearly exhausted; whereas his actual innocence claim is still proceeding in state court. Pre-AEDPA case law required dismissal of such petitions, but "[a]s a result of the interplay between AEDPA's 1-year statute of limitations and [the] dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275. Therefore, stay of a mixed petition is proper where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Heleva v. Brooks*, 581 F.3d 187, 190 (3d Cir. 2009) (quoting *Rhines*, 544 U.S. at 278).

---

[2] The PCRA court rejected Hill's actual-innocence claim as untimely on February 24, 2012. (Resp. 9.) On March 12, 2012, the PRCA court vacated its earlier ruling because Hill had obtained counsel and sought leave to file an amended PCRA petition. (*Id.*) The petition remains outstanding. *See* Docket at 7, *Commonwealth v. Hall*, CP-51-CR-0227961-1988 (Pa. Ct. Com. Pl. Sept. 6, 2012).

3

I find that Hill has shown good cause for his failure to exhaust. Here, Hill's federal habeas petition should be construed as a "protective" petition—it preserves his claims in the event that the state court finds that his PCRA petition is untimely (and thus it does not toll the AEDPA limitations period). (Objections 3.) *See Heleva*, 581 F.3d at 191 ("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute good cause [under *Rhines*]." (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)).

I also conclude that Hill's claims are not plainly meritless. I cannot simply deny Hill's innocence claim without a look at the state court record. Furthermore, I decline to speculate on the outcome of Hill's state PCRA proceedings. It is possible that the Pennsylvania courts will find that Hill's petition is not timely filed. (Resp. 9.) This would raise the specter of procedural default barring review of his federal petition. *See*, *e.g.*, *Jordan v. Bledsoe*, No. 11-3091, 2012 WL 3104520, at *3 (E.D. Pa. July 27, 2012) (stating that because petitioner did not timely file his PCRA claim, he was required to show cause and prejudice or a "fundamental miscarriage of justice" to excuse procedural default). But Hill's PCRA petition is currently pending, and case law prohibits me from predicting how the state court will ultimately rule. *See Toulson v. Beyer*, 987 F.2d 984, 988 (3d Cir. 1993) ("In conclusion, we are uncertain how the New Jersey state courts would resolve the procedural default issue. In light of this, we will not presume how the state courts would rule on [petitioner's] claims.").

Finally, there is no indication that Hill has engaged in dilatory litigation tactics. First of all, the incentives that concerned the *Rhines* court are not present here. *Rhines*, 544 U.S. at 277-78. ("[C]apital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death."). Hill is serving a term of life imprisonment and would obviously like habeas relief as soon as possible. Second of all, Hill filed his state PCRA petition

4

promptly after receipt of the Goodman affidavit, and he even moved to stop the government from pushing back its response deadline on his federal habeas petition. (Appl. for Expedited Relief 1-2.) Thus, Hill has not acted to delay resolution of his habeas petition.

Hill has met the requirements set out in *Rhines* and is entitled to a stay of his federal habeas petition until such time as the PCRA proceedings are resolved and I can look at the state-court record.

Hill has requested release on bail pending resolution of his habeas petition. (Appl. for Expedited Relief 1.) Release of a habeas petitioner is only permitted where "extraordinary circumstances" exist. *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992). Hill's allegations of innocence and the government's serial motions for deadline extensions do not constitute extraordinary circumstances. *See id.* 1240-41 (reversing a district court's grant of bail where its finding of extraordinary circumstances rested on similar claims of probable innocence and prosecutorial delay). Hill's request for release on bail will be denied.

## IV. CONCLUSION

For the reasons stated above, I will grant Hill's request for a stay of his section-2254 petition until such time as the state courts have ruled on his habeas petition and I have access to the state-court record. An appropriate order follows.